**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Stratasys, Inc., | ) Civil No. _____ |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR DAMAGES** |
| | ) **AND INJUNCTIVE RELIEF** |
| Andrew Tjernlund, an individual; Tjernlund Products, Inc., a Minnesota corporation, | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) |

Plaintiff Stratasys, Inc. ("Stratasys" or "Plaintiff") sues Defendants Andrew Tjernlund and Tjernlund Products, Inc. (collectively "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for federal trademark infringement, false designation of origin and unfair competition arising under Sections 32 and 43(a) of the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. §§ 1114, 1125(a); common law trademark infringement and unfair competition under Minnesota law, and; deceptive trade practices under Minnesota law, M.S.A. § 325D.44.

## PARTIES, JURISDICTION AND VENUE

2. Stratasys is a Delaware corporation with a principal place of business at 7665 Commerce Way, Eden Prairie, MN 55344.

US.55117708.02

CASE 0:14-cv-04695-SRN-SER   Document 1   Filed 11/07/14   Page 2 of 14

-2-

-2-

3. Upon information and belief, Defendant Andrew Tjernlund is the Director of Marketing at Defendant Tjernlund Products, Inc. and is domiciled in the state of Minnesota.

4. Upon information and belief Defendant Andrew Tjernlund jointly operates an online marketplace with Defendant Tjernlund Products, Inc. using the domain name USAFilament.com.

5. Upon information and belief, Defendant Tjernlund Products, Inc. is a Minnesota corporation with its principal place of business at 1601 9th Street, White Bear Lake, MN 55110.

6. Upon information and belief, Defendant Tjernlund Products, Inc. jointly owns and operates with Defendant Andrew Tjernlund an online marketplace using the domain name USAFilament.com.

7. This Court has subject matter jurisdiction over the claims arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) pursuant to 28 U.S.C. §§ 1331 and 1338(a). This case presents well-pleaded federal questions arising under the Lanham Act, 15 U.S.C. §§ 1051, *et. seq*. This Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and § 1367(a).

8. The exercise of personal jurisdiction over Defendants comports with the laws of the State of Minnesota and the constitutional requirements of due process because Defendants are citizens of the state of Minnesota and advertise and offer their services to customers and/or potential customers in Minnesota.

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), because the Defendants reside in this judicial district and are therefore subject to personal jurisdiction in Minnesota, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

### Stratasys, Inc. and its STRATASYS Mark

10.    Founded in 1989, Stratasys is and long has been a premier manufacturer and provider of 3D printers and 3D production systems.  Stratasys' steadfast emphasis on superior quality and innovation has allowed it to become a leader in the additive fabrication systems industry.  Stratasys enjoys a hard-earned reputation for excellence among purchasers of 3D printers and 3D printing materials.

11.    Stratasys is the owner of incontestable U.S. Trademark Registration No. 1,762,444 (the "'444 Registration"), which was duly and legally issued on April 6, 1993 for the word STRATASYS, INC., for "machines for making three-dimensional industrial models by a material deposition process." A true and correct copy of the record of the '444 Registration is attached hereto as **Exhibit A**.

12.    Stratasys is the owner of incontestable U.S. Trademark Registration No. 2,611,577 (the "'577 Registration"), which was duly and legally issued on August 27, 2002 for the word mark STRATASYS, for, among other goods and services, "machines for making three-dimensional models by a material deposition process" and "modeling materials for use in three-dimensional modeling machines, namely polymers, waxes and

elastomers in extruded or molded form." A true and correct copy of the record of the '577 Registration is attached hereto as **Exhibit B**.

13.     Stratasys is the owner of incontestable U.S. Trademark Registration No. 3,122,441 (the "'441 Registration"), which was duly and legally issued on August 1, 2006 for the mark STRATASYS and Design, for, among other goods and services, "machines for making three-dimensional models by a material deposition process" and "modeling materials for use in three-dimensional modeling machines, namely polymers, waxes and elastomers in extruded or molded form." A true and correct copy of the record of the '577 Registration is attached hereto as **Exhibit C**.

14.     Stratasys advertises, offers for sale, and sells its 3D printers, 3D printing materials and software for operating and controlling computer-aided 3D printers in interstate commerce under the STRATASYS mark.  Stratasys has invested substantially in developing the STRATASYS mark, and in doing so, has acquired significant recognition of its services and valuable good will in the STRATASYS mark.

**Defendants and Their Wrongful Activities**

15.     Upon information and belief, Defendant Andrew Tjernlund operates and controls the advertising, marketing and sale of products at the online marketplace located at USAFilament.com.  Mr. Tjernlund is listed as the Registrant, Administrator, and Technical contact for the domain USAFilament.com.  Upon information and belief Mr. Tjernlund listed what appears to be his Minnesota residence at Iona Lane as the Registrant Address for the USAFilament.com domain.

16. Upon information and belief, Defendant Andrew Tjernlund is the Director of Marketing for Defendant Tjernlund Products, Inc.

17. Defendant Tjernlund Products, Inc. is a retailer of various industrial, commercial, and residential fans and related products. The listed physical business address of the marketplace located at the website USAFilament.com is the same as the principal place of business of Tjernlund Products, Inc.: 1601 9th Street, White Bear Lake, MN 55110.

18. Upon information and belief, Defendant Tjernlund Products, Inc. is the company that controls and is responsible for the commercial activities, advertising, marketing and sales taking place at the online marketplace located at USAFilament.com.

19. Defendants, through their online marketplace located at USAFilament.com, operate an online retail space engaged in the marketing and sale of the material used by 3D printers to form printed 3D figures. This material is called "filament."

20. In or around October, 2014, Stratasys learned that Defendants were advertising and offering for sale what Defendants' call "STRATASYS OEM MATERIAL" on their online marketplace at USAFilament.com.

21. "OEM" is understood in the industry to stand for "Original Equipment Manufacturer." In this context, Defendants are advertising that they are offering for sale and selling filament from Stratasys—the manufacturer of 3D printers (the "OEM").

22. In or around October, 2014, Stratasys learned that Defendants were advertising through their USAFilament.com website, Facebook page, Twitter account, and Google keyword advertising that they sell "STRATASYS OEM MATERIAL" and

"carry OEM Stratasys filament at a fraction of the price" and that purchasers of filament should "stop losing money buying [Stratasys] OEM Material" because Defendants sell it for less.  Screen shots of each online medium were taken on October 15, 2014 and are attached hereto as **Exhibit D**.  An example from the USAFilament.com Twitter account can also be seen here:



23.     Stratasys does not sponsor, authorize, approve or otherwise in any way permit Defendants to use its STRATASYS trademark.  The filament Defendants' sell does not originate from Stratasys or any affiliate of Stratasys and is not genuine STRATASYS filament.

24.     The goods advertised and sold by Defendants are manufactured by Bolson Materials, a third-party filament producer that manufactures filament for use with 3D printers from manufacturers such as Stratasys.  Bolson Materials is one of Stratasys' direct competitors for filament sales.

US.55117708.02

25. The use by Defendants of the mark STRATASYS is and has been likely to cause confusion, to cause mistake and/or to deceive vis-à-vis Stratasys' famous STRATASYS mark. The use by Defendants of the mark STRATASYS is likely to mislead the public to incorrectly believe that Defendants' filament originates from, or is in some way affiliated with or connected to, Stratasys.

26. Defendants were at the time they began using the STRATASYS mark well aware of Stratasys' reputation in the 3D printing industry. Defendants intended to trade on Stratasys' valuable reputation and goodwill when Defendants commenced use of the STRATASYS mark.

**FIRST CLAIM FOR RELIEF**
Federal Trademark Infringement
15 U.S.C. § 1114

27. Stratasys re-alleges and incorporates all preceding paragraphs, as if fully set forth herein.

28. The '444, '577 and '441 Registrations are conclusive evidence of Stratasys' ownership of the STRATASYS marks and its exclusive right to use the STRATASYS marks for its 3D printing goods and services.

29. Defendants' unauthorized use of the STRATASYS mark constitutes infringement of the marks reflected in the '444, '577 and '441 Registrations in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. As a direct and proximate result of Defendants' knowing, deliberate and willful infringement of Stratasys' mark, Stratasys has suffered, and will continue to

suffer, irreparable harm to its business, reputation and goodwill, unless and until Defendants' actions as alleged herein are enjoined.

## SECOND CLAIM FOR RELIEF
Federal False Designation of Origin and
Federal Unfair Competition
15 U.S.C. § 1125(a)(1)(A)

31.  Stratasys re-alleges and incorporates all preceding paragraphs, as if fully set forth herein.

32.  Stratasys commenced use of the famous and federally registered mark STRATASYS in interstate commerce many years prior to Defendants' commencement of its use of STRATASYS.

33.  As a result of Stratasys' continued sales, advertising and promotion over more than twenty years, the STRATASYS mark has become identified in the public mind as an indicator that the goods to which it is applied emanate from a single source.

34.  As a result of Stratasys' continued sales, advertising and promotion over more than twenty years, the STRATASYS mark has become associated with Stratasys' goods, and has come to symbolize the reputation for quality and excellence of Stratasys' goods.

35.  Defendants' use of STRATASYS is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or affiliation of Defendants' goods vis-à-vis Stratasys and/or its goods.

36. Defendants' unauthorized use of the mark STRATASYS constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37. Defendant's unauthorized use of the mark STRATASYS constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38. As a direct and proximate result of Defendant's knowing, deliberate and willful false designation of origin, Stratasys has suffered, and will continue to suffer, irreparable harm to its business, reputation and goodwill, unless and until Defendant's actions alleged herein are enjoined.

**THIRD CLAIM FOR RELIEF**
Federal False Advertising
15 U.S.C. § 1125(a)(1)(B)

39. Stratasys re-alleges and incorporates all preceding paragraphs, as if fully set forth herein.

40. Defendants have made numerous false and misleading descriptions and representations of fact, which in commercial advertising and promotion, misrepresent the nature, characteristics, qualities, and geographic origin of Defendants' goods, services, and commercial activities.

41. Defendants have made false and misleading descriptions and representations of fact in commercial advertising knowingly and for the purpose of inducing sales of Defendants' goods.

42. Defendants' false and misleading descriptions and representations of fact incorrectly lead consumers to believe Defendants' goods originate from, are

manufactured by, are associated with, or otherwise endorsed by Stratasys. Examples of such misleading descriptions and representations of fact are shown in **Exhibit D**.

43. Defendants' false and misleading descriptions and representations of fact in their commercial advertising constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

44. As a direct and proximate result of Defendants' knowing, deliberate and willful false and misleading descriptions and representations of fact in their commercial advertising, Stratasys has suffered, and will continue to suffer, irreparable harm to its business, reputation and goodwill, unless and until Defendants' actions alleged herein are enjoined.

**FOURTH CLAIM FOR RELIEF**
Common Law Trademark Infringement and
Common Law Unfair Competition

45. Stratasys re-alleges and incorporates all preceding paragraphs, as if fully set forth herein.

46. As more fully set forth above, Stratasys' STRATASYS mark has established a widely-known reputation indicating origin, relationship, sponsorship, and/or association with Stratasys.

47. Stratasys has an exclusive right to, or protectable interest in, the tradename with reference to its goods, services, or business and with reference to the territorial or special group market in which the tradename is used.

48. The Defendants have unfairly used Stratasys' tradename such that the purchasing public is likely to attribute to Stratasys the use by Defendants of "Stratasys"

-10-

in unauthorized advertisements of filament used for 3D printing as copies of Stratasys' mark STRATASYS, or mistakenly believe that Stratasys does not object to, has authorized, sponsored or endorsed Defendants' use of "Stratasys", or that Defendants are selling Stratasys' goods, or is otherwise in some way associated with Defendants.

49.   The Defendants' unauthorized use of Stratasys' mark STRATASYS as part of Defendants' designation for its filament products creates a likelihood of confusion or misunderstanding constituting acts of trademark infringement and unfair competition under the common law of Minnesota.

50.   The aforesaid acts of Defendants have caused, and without judicial intervention, will continue to cause Stratasys irreparable harm for which there is no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
Violation of Minnesota Deceptive Trade Practices Act
M.S.A. § 325D.44

51.   Stratasys re-alleges and incorporates all preceding paragraphs, as if fully set forth herein.

52.   Defendants have, in the course of their business, used the mark STRATASYS in a manner that has caused and will continue to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods.  Defendants' also have falsely attempted to pass off their goods as those of Stratasys.  Defendants' actions have caused and will continue to cause a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with, or certification by, Stratasys of Defendants' goods.  Defendants' use of

the mark STRATASYS is likely to cause damage to Stratasys. Defendants are therefore engaged in deceptive trade practices within the meaning of M.S.A. § 325D.43, *et seq*.

53. Stratasys is entitled to an injunction pursuant to M.S.A. § 325D.45, subd. 1.

54. Defendants have willfully engaged in the deceptive trade practice knowing it to be deceptive. Stratasys should be awarded its reasonable attorneys' fees pursuant to M.S.A. § 325D.45, subd. 2.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Stratasys, Inc. respectfully prays that the Court enter a judgment against the Defendants Andrew Tjernlund and Tjernlund Products, Inc. as follows:

A. Grant preliminary and permanent injunctive relief against Defendants, their agents, servants, employees, attorneys, successors, licensees, parents, subsidiaries, affiliates and assigns, and anyone acting in concert or privity with Defendants, jointly and severally:

(1) prohibiting the use of the STRATASYS mark or any other mark or designation that is confusingly similar to Stratasys' STRATASYS mark, to identify, describe, implicate or otherwise mislead consumers into believing that Defendants' goods are manufactured, sponsored, or otherwise supported by or affiliated with Stratasys; and

(2) directing Defendants to file with the Court and serve on Stratasys within thirty (3) days after the service on such Defendant of such injunction a

report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

B.     Declare that Defendants' infringement and other wrongful acts herein alleged were deliberate, willful, and in conscious disregard of Stratasys' rights;

C.     Grant an award to Stratasys under 15 U.S.C. § 1117(a)(1) of all of Defendants' profits received or derived by Defendants or their predecessors and/or affiliates from their improper use of the mark STRATASYS, any damages proven to be sustained by Stratasys under 15 U.S.C. § 1117(a)(2) because of the Defendants' improper use of the mark STRATASYS, and/or to award such other relief as may be available pursuant to 15 U.S.C. §§ 1117, M.S.A. § 325D.44, *et seq.*, and/or other applicable federal or state law;

D.     Order Defendants to deliver for impoundment and destruction any and all advertising, circulars, price lists, signs, banners, business stationary, prints, packages, labels, containers, freights, cartons, receptacles, wrappers, art work, and other materials in their possession or custody or under their control bearing the mark STRATASYS;

E.     Find that this case is an "extraordinary case" within the meaning of 15 U.S.C. § 1117(a);

F.     Award treble damages to Stratasys, together with costs, interest, and reasonable attorneys' fees as permitted by 15 U.S.C. § 1117(a);

G.     Award Stratasys its costs and reasonable attorneys' fees in prosecuting this action as permitted by 15 U.S.C. §§ 1117 and M.S.A. § 325D.45;

H.     Award pre-judgment and post-judgment interest as allowed by law; and

-14-

I. Grant Stratasys such other equitable and legal relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Stratasys respectfully demands a trial by jury.

Dated:  November 7, 2014         Respectfully Submitted,

By:   *s/ David R. Merritt*

James R. Steffen (MN 204717)
David R. Merritt (MN 0393062)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
James.Steffen@FaegreBD.com
David.Merritt@FaegreBD.com

**ATTORNEYS FOR STRATASYS, INC.**